[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff claims damages allegedly arising out of a dispute over ownership of a 1985 SAAB automobile which he claims, in essence, is his vehicle wrongfully retained by the defendant.
After a trial to the Court wherein the plaintiff, who is represented by counsel, testified and the pro se defendant testified in her own behalf, the Court finds as follows:
The parties met in mid 1987 and lived together from late 1987 to approximately the end of December 1990.
When the parties commenced living together the defendant owned a 1985 Subaru on which she was making payments. The plaintiff, as a sideline, bought, restored and sold automobiles. At his suggestion and in order to save money, the Subaru was sold and the loan paid off. The plaintiff told the defendant that he could and would provide her with an equivalent automobile. At the time the Subaru was sold the plaintiff gave the defendant an older model Saab (not the CT Page 11404 automobile in dispute), the arrangement was that she would drive that vehicle temporarily until he could "put her in a better one" that would at least be comparable if not better than her Subaru. When he found a buyer for the Saab, he gave the defendant another tan colored vehicle and when that was sold, she received a black Saab which in turn was replaced by the 1985 Saab in question. The vehicle was purchased in approximately April 1989 for $5,000.00, which the plaintiff paid.
The vehicle was registered to the defendant. She paid the sales tax, insurance, property taxes and the gasoline to run it. The plaintiff, with his mechanical ability, did any repairs needed.
When the parties separated the defendant took the car with her without objection from the plaintiff. Approximately four months later (April 1991), the plaintiff demanded the Saab back. The defendant refused to turn it over to the plaintiff and this action followed.
The Court finds that the plaintiff made a gift of this car to the defendant and that he intended for her to have a car which was the equivalent of the Subaru she originally owned. Until such time as he could find an "appropriate" car he provided her with a succession of lesser cars, each one of which was gifted to her, and which she would transfer (since they followed the same arrangement of putting those interim vehicles in the defendant's name) whenever the plaintiff found a buyer for one of those cars. Their idea was to keep upgrading until the proper car was located.
The defendant's testimony that she may have felt a "moral obligation" to return this car to the plaintiff after they broke off their relationship, is not conclusive of the legal liability here. The defendant, who is pro se, also testified that the plaintiff told her "this is your car" and that the car was a gift to her. The Court agrees that it was, indeed, a gift. This conclusion is supported by the following facts: Title is in the defendant, she exercises dominion and control over it (the plaintiff acquiesced in her taking the car when she left), she pays the taxes and insurance and would sustain the loss in the event of its destruction. See Gill v. Petrazzuoli Bros., Inc., 10 Conn. App. 22
(1987). CT Page 11405
For the foregoing reasons, judgment shall enter for the defendant.
BY THE COURT,
Lawrence C. Klaczak Judge, Superior Court